# In the United States Court of Federal Claims

No. 08-134C
(Filed: March 19, 2008)

* * * * * * * * * * * * * * * * * * * * * * * * *

KLINGE CORPORATION,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

This is an action brought under the court's bid protest jurisdiction. 28 U.S.C. § 1491(b)(1) (2000). After denying plaintiff's motion for a temporary restraining order and a preliminary injunction, we adopted a schedule by which the parties would file cross-motions for judgment on the administrative record, leading to oral argument on April 10, 2008. The administrative record has been filed. One of the issues posed by plaintiff is awardee Sea Box's compliance with the Trade Agreements Act (TAA), 19 U.S.C. §§ 2501 *et. seq*. (2000). It appears from the court's review of the record that the agency's determination of Sea Box's compliance was based, in part, on telephone conversations. Those telephone conversations were apparently triggered by the agency's concern that Sea Box's written submissions were either inconsistent or incomplete with regard to TAA compliance. Without ruling on the propriety of those conversations, or the adequacy of the written submissions, we believe it to be in the interest of more expeditiously resolving this matter to direct the agency to develop a complete written record with respect to Sea Box's compliance, *vel non*, with the TAA and a more complete explanation of why it believes Sea Box is or is not compliant.

Accordingly, as we explained in a telephone conference held on March 18, 2008, the court will exercise its authority pursuant to 28 U.S.C. §

1491(a)(2) to remand the matter to the agency for the limited purpose of developing a more complete written record with respect to compliance with the TAA. The agency is therefore ordered to obtain from Sea Box a written explanation of the entire process of manufacturing, assembly, and testing of its refrigerated containers sufficient for the agency to adequately assess compliance. In order to avoid any disparate treatment from the re-evaluation of TAA compliance, the agency must provide plaintiff with an opportunity to supplement its TAA certification/explanation as well. Upon receipt of the response(s), the agency shall re-evaluate its prior procurement decision with respect to Sea Box and plaintiff's compliance with the TAA. The agency is ordered to set a schedule that permits it to evaluate the certifications/explanations of these two offerors and issue a supplemental decision on or before April 2, 2008. The agency is directed to timely supplement the administrative record with documents that reflect and are relevant to the response(s) and the agency's supplemental decision. In addition, the agency is directed to furnish that supplementation to these two offerors electronically by close of business on the date of issuance of its decision.

Plaintiff is directed to file a written response to the agency's supplemental decision on or before April 7, 2008, indicating whether it wishes to pursue this bid protest. The briefing schedule set out in the order of March 7, 2008 is rescinded. The order otherwise remains in effect.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Judge