**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **KLINGE CORPORATION** | |
| **Plaintiff,** | **No. 08-134C** |
| **v.** | **Judge Eric C. Bruggink** |
| **THE UNITED STATES OF AMERICA** | |
| **Defendant.** | |
| **and** | |
| **SEA BOX, INC.** | |
| **Defendant-Intervenor** | |

**MOTION FOR ENLARGEMENT OF TIME (OPPOSED)**

1. Sea Box, Inc. [“Sea Box”], through its undersigned counsel, respectfully moves for an Enlargement of Time to respond to Plaintiff’s Motion for Judgment on the Administrative Record.

2. By its Order dated April 17, 2008, the Court ordered that Intervenor file its cross motion and response to Plaintiff's Motion for Judgment on the Administrative Record on or before May 12, 2008.

3. On April 30, 2008, Plaintiff filed its Motion for Judgment on the Administrative Record electronically under seal.

4. Not having been admitted under the Protective Order entered by the Court in this case, neither Sea Box nor its undersigned counsel was authorized to view the aforementioned Motion for Judgment when it was filed.

5. On May 6, 2008, a copy of the aforementioned Motion for Judgment was provided by Plaintiff's counsel to Sea Box. Also provided to Sea Box on the same day were redacted copies of the Plaintiff's (separate) Memorandum of Points and Authorities and its Statement of Facts in Support of Plaintiff's Motion for Judgment on the Administrative Record.

6. The aforementioned Motion for Judgment was based on Plaintiff's First Amended Complaint, the Counts contained therein, and the arguments in support of such Counts also contained therein.

7. Plaintiff had filed its First Amended Complaint on April 21, 2008 electronically, and under seal.

8. Not having been admitted under the Court's Protective Order, neither Sea Box nor the undersigned counsel were authorized to view the aforementioned First Amended Complaint when it was filed.

9. On May 6, 2008, Plaintiff counsel filed a redacted copy of the First Amended Complaint with the Court at which time Sea Box was first able to view such document.

10. Therefore, Sea Box's access to the [redacted] First Amended Complaint occurred not earlier than fifteen (15) days after that document was filed (on April 21, 2008), and only six days before the time heretofore allowed for Sea Box's response under the Court's April 17, 2008 Order was set to expire.

11. If the [redacted] First Amended Complaint had been made available to Sea Box as late as April 28, 2008 (i.e., one full week after its filing on April 21, 2008), then Sea Box would have had fourteen days in which to formulate its response and timely comply with the Court's April 17, 2008 Order.

12. In accordance with the requirements of the Court's Rule 6.1, Sea Box is respectfully requesting that it be permitted an additional seven (7) days to comply with the Court's April 17, 2008 Order. That is, Sea Box requests that the Court permit its response under the Order to be filed by May 19, 2008 (the day to which the enlargement is to run) rather than by May 12, 2008 as presently ordered.

13. The time for performance (of Sea Box's response to the Court's April 17, 2008 Order) has not previously been enlarged.

14. Sea Box has filed this Motion for Enlargement of Time so that it may have a reasonable period and opportunity to formulate its response, given that its access to the First Amended Complaint did not occur until fifteen days after its actual filing. If the Enlargement of Time is granted, then Sea Box will have had a total of thirteen days after first access to this document on May 6th to comply with the Order by May 19th. Sea Box believes that this abbreviated thirteen-day period is reasonable considering that other parties will have had twenty-one days access to the same [and unredacted] document before their own cross motion and response are due. At least two of the five Counts contained in the Plaintiff's Motion for Judgment on the Administrative Record, although having been broached in the April 17, 2008 teleconference between the parties and the Court, are supported by specific narrative, arguments and factual assertions appearing for the first time in the First Amended Complaint which Sea Box did not see until May 6th. Moreover, Sea Box is already operating under additional disadvantage and handicap in that due to the Protective Order, it can view only significantly redacted documents and will never have access to the complete record or full access to critical litigation documents - including the heavily redacted First Amended Complaint.

15. Sea Box represents that it has discussed this Motion for Enlargement of Time with Plaintiff's counsel via written communications.

16. Sea Box understands, following such dialogue, that Plaintiff's counsel will file an opposition to this Motion.

17. Sea Box respectfully requests that the Court grant this Motion.

Respectfully Submitted,

s/Robert A. Farber
Robert A. Farber
1900 Frontage Road, Suite 1613
Cherry Hill, NJ 08034
Telephone: 610-349-1346
Facsimile: 267-295-9938

Counsel for Intervenor