**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **KLINGE CORPORATION** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-134C** |
| | ) | |
| | ) | **Judge Eric G. Bruggink** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **The Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SEA BOX, INC.** | ) | |
| | ) | |
| **The Defendant-Intervenor.** | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR THE AWARD OF FEES AND OTHER EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**
**&**
**PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S APPLICATION FOR THE AWARD OF FEES AND OTHER EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

## A. Plaintiff's Reply to The Government's Opposition

Pursuant to Rule 54(d)(2)(D) of the Rules of the United States Court of Federal Claims, Plaintiff, Klinge Corporation ("Klinge"), by its undersigned counsel, respectfully files this reply to the Government's opposition to its application for fees and other expenses filed in the above-captioned action.

Notably, the Government does not challenge Klinge's eligibility for an award of fees or the reasonableness of the costs claimed. Moreover, the Government concedes that Klinge is a "prevailing party" for EAJA purposes. The sole basis for the Government's opposition is the perfunctory claim that it was "substantially justified" in its litigation position. As explained

below, the Government falls well short of satisfying its burden on this issue.

In a response that resembles an appellate brief, the Government offers the following two arguments in support of its opposition to plaintiff's EAJA application: its litigation position was substantially justified because (1) it reasonably relied on the U.S. Customs and Border Protection's (CBP) advisory rulings regarding the country of origin of Sea Box's LFRS, and (2) it reasonably determined Sea Box was TAA compliant, based on Sea Box's submission to the agency.

The Government contends that although "the Court *emphatically rejected* certain aspects of CBP's totality of the circumstance test," the Government was, nevertheless, justified in evaluating the strength of its case based on CBP's totality of the circumstances test. *Government's Opposition*, at 8 (emphasis added). This is simply incorrect for a number of reasons. First, the Court did not "emphatically reject" any legal test. The Court's opinion does not even mention CBP's "totality of the circumstances" test, but properly focuses instead on the "substantial transformation" test. *Court's Opinion*, at 15. As stated in the Court's Opinion,

> [t]he relevant inquiry here is where the article last underwent a substantial transformation. The test contained in [the TAA] is drawn from the Supreme Court's definition of the term 'manufacture' under the Tariff Act of 1890: 'Manufacture implies a change, but every change is not a manufacture and yet every change in an article is the result of treatment, labor and manipulation. . . . There must be transformation; a new and different article must emerge, 'having a distinctive name, character, or use' (internal citations omitted). The proper inquiry is thus at what point the article acquires its distinct name, character, or use. In this instance, we think that it was plainly China.

*Id.*

The Government's second argument is that it was substantially justified in concluding, based on Sea Box's submissions to the agency, that Sea Box was TAA compliant. *Government's Opposition*, at 9-10. This argument also must fail. In fact, this position was emphatically rejected by the Court. The Court found:

> there can be no question that, up until April 1, 2008, when Sea Box offered to make the LFRS in New Jersey, the CO could not have treated the proposal as clearly TAA compliant with respect to CLIN 0001. At a minimum, there were so many statements suggesting that the critical function of turning the product into an LFRS occurred in China, that the CO should have insisted on more information. We view Sea Box's counsel's disavowals of these contraindications as not a substantial basis for eliminating concern. Sea Box's submissions to the agency, to the GAO, and to this Court have been materially inconsistent and confusing, and they have been predicated on an incorrect understanding of the relevant test. It was arbitrary and capricious to ignore this fact. We conclude that it was arbitrary and capricious of the agency to accept Sea Box's proposal as satisfying the TAA certification requirement.

*Court's Opinion*, at 20.

The Government did not make a simple error in this case that is justified to the degree that could satisfy a reasonable person. See *Pierce v. Underwood*, 487 U.S. 552 (1988). The Government made repeated, significant errors, and they compounded those errors at every step through indifference to the law. Thus, this case is like *Servidone Construction Corp. v. United States*, 20 Cl. Ct. 725 (1990), where the only entitlement issue raised by the government's opposition to plaintiff's application for EAJA fees was whether the government had demonstrated that its position was substantially justified. Although the government argued that a number of factors demonstrated that its litigation position was substantially justified, with regard to a major claim, the Court found that the government "offered no defense" to that claim and that "[i]t should not have been necessary to litigate." *Id.* at 728. Because the government was not substantially justified, this Court awarded recovery of EAJA fees and costs to the claimant.

In sum, the Government overreaches by suggesting that its position was substantially justified in this case. To the contrary, the record demonstrates that:

- Despite the questions raised by Sea Box's proposal and Klinge's initial GAO protest, there are no documents in the record, as it existed during the second evaluation of proposals, reflecting any consideration by the Government of the TAA compliance issue.

*Court's Opinion*, at 7.

- In the second GAO protest, only after repeated opportunities to explain how it concluded that Sea Box was TAA compliant, did the Government reveal that its previously expressed concerns were only allayed after telephone conversations between counsel for Sea Box and counsel for the agency. These oral assurances from Sea Box's counsel materially disavowed the written submissions. *Court's Opinion*, at 7-8.
- In the underlying protest filed at this Court, the case was remanded to the agency by what the Court viewed as clearly contradictory indications in Sea Box's submission with respect to its TAA compliance. The Court was "particularly concerned that the CO dealt with the contraindications by relying on oral representations from Sea Box's in-house counsel." *Court's Opinion*, at 9.
- In response to the Court's request for a written explanation of the manufacturing process, Sea Box admitted that 29 percent of the costs of its parts included in CLIN 0003 were not sourced from the United States or from a designated country. *Court's Opinion*, at 11. As the Government conceded, "Sea Box failed to provide an explanation or reconcile this latest certification of TAA compliance with its FPR or prior submissions to GAO." *Court's Opinion*, at 11, n. 11.

On these facts, the court cannot reasonably conclude that the Government's litigation position was substantially justified. Accordingly, plaintiff respectfully requests the Court grant its application for the award of fees and other expenses pursuant to EAJA.

**B. <u>Plaintiff's Motion to Amend EAJA Application</u>**

The EAJA application filed with this Court on July 3, 2008, captured fees and expenses through June 30, 2008. Due to diminishing returns and the unavailability of the July billing invoices, we felt it was prudent to cut-off our request at the end of June, despite the fact that the

EAJA application was not actually filed until July 3, 2008. In light of the Government's opposition, which has unnecessarily created the need for Klinge to incur additional expenses, Klinge respectfully request to amend its EAJA application to add the additional fees and costs totaling $5,143.29, which includes time spent after June 30, 2008 in connection with this EAJA application. *See* Declaration of Counsel for Klinge, Richard P. Rector, September 2, 3008. These fees and expenses are itemized below.

*1. Attorney's Fees*

| Attorney | Title | Standard Hourly Rate[1] | Total Hours Worked on This Matter (07/01/08 through (09/02/08)[2] | EAJA-Capped Hourly Rate ($172.47/hour[3]) X Hours Worked |
|---|---|---|---|---|
| Richard P. Rector | Partner | $620.00 | July: 0.9 hrs | $500.16 |
| | | | August: 1.0 hrs. | |
| | | | Sept: 1.0 hrs. | |
| | | | **Total: 2.9 hrs.** | |
| Seamus Curley | Associate | $435.00 | July: 10.2 hrs. | $2,104.13 |
| | | | Aug.: 1.0 hrs. | |
| | | | Sept.: 1.0 hrs. | |
| | | | **Total: 12.2 hrs.** | |
| Brad Jorgensen | Law Clerk[4] | $360.00 | July: 2.8 hrs | $1,431.50 |

[1] Beginning on February 1, 2008, Klinge was extended a 10 percent discount on all legal bills arising out of this matter. The "Standard Hourly Rates" indicated above reflect this discount.
[2] The initial EAJA application filed on July 3, 2008, accounted for fees through June 30, 2008.
[3] As outlined on pages 8 and 9 of Klinge's July 3, 2008, EAJA application, April 2008 was selected as an acceptable mid-point for which to calculate the appropriate Cost of Living Adjustment ("COLA") rate. Accordingly, based on an increase in the U.S. Department of Labor's Consumer Price Index ("CPI") from 155.70 in March 1996 to 214.823 in April 2008, the proper rate is $172.47 per hour ($125 x 214.823/155.70 = $172.47 per hour).
[4] Mr. Jorgensen is admitted to practice law in Utah. However, his application for admission to the District of Columbia is pending. In the interim, Mr. Jorgensen works under the direct supervision of Mr. Rector.

| | | | | |
|---|---|---|---|---|
| | | | Aug: 0.0 hrs. | |
| | | | Sept.: 5.5 hrs. | |
| | | | **Total: 8.3 hrs.** | |
| **TOTALS** | | | **23.4 hours** | **$4,035.79** |

August and September time has been estimated, which included time reviewing the Government's opposition, conferencing on same, and preparing these papers. With the Court's permission, Klinge can substantiate the estimated figures with documentary back-up after the invoices for these time periods have been finalized.

2. *Miscellaneous Expenses*

| Miscellaneous Expense Description | Amount Request for Award |
|---|---|
| Transcript Fees (*See* Declaration of Richard P. Rector, Exhibit B) | $1,107.50 |
| **TOTALS** | **$1,107.50** |

## CONCLUSION

**WHEREFORE**, Klinge respectfully requests that the Court consider this response to the Government's opposition to plaintiff's EAJA application and grant Plaintiff's Motion to Amend Plaintiff's Application For The Award Of Fees And Other Expenses Pursuant To The Equal Access To Justice Act.

Respectfully Submitted,

Dated: September 2, 2008

By: [signature]

Richard P. Rector
DLA Piper US LLP
500 8th Street, NW
Washington, DC 20004
Telephone: (202) 799-4400
Facsimile: (202) 799-5400

Counsel for Plaintiff

Of Counsel:

Seamus Curley
Samuel B. Knowles
DLA Piper US LLP
500 8th Street, NW
Washington, DC 20004
Telephone: (202) 799-4403
Facsimile: (202) 799-5400

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **KLINGE CORPORATION** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-134C** |
| | ) | |
| | ) | **Judge Eric G. Bruggink** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **The Defendant,** | | ) |
| | ) | |
| **and** | ) | |
| | ) | |
| **SEA BOX, INC.** | ) | |
| | ) | |
| **The Defendant-Intervenor.** | ) | |
| | ) | |

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the 2nd of September, 2008, a copy of the foregoing Plaintiff's Reply To The Defendant's Opposition To Plaintiff's Application For The Award Of Fees And Other Expenses Pursuant To The Equal Access To Justice Act & Plaintiff's Motion to Amend Plaintiff's Application For The Award Of Fees And Other Expenses Pursuant To The Equal Access To Justice Act was filed with the United States Court of Federal Claim. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

By: ______________________
Richard P. Rector

DLA PIPER US LLP
500 8th Street, NW
Washington, DC 20004
Telephone: 202.799.4400
Counsel for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **KLINGE CORPORATION** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-134C** |
| | ) | |
| | ) | **Judge Eric G. Bruggink** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SEA BOX, INC.** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |
| | ) | |

**DECLARATION**
**OF RICHARD P. RECTOR IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR THE AWARD OF FEES AND OTHER EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**
**&**
**PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S APPLICATION FOR THE AWARD OF FEES AND OTHER EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

I, RICHARD P. RECTOR, declare:

1. I am licensed to practice before the courts of the State of Maryland, District of Columbia, and the above-captioned court and a partner with the law firm of DLA Piper US LLP, counsel of record for plaintiff Klinge Corporation ("Klinge").

2. I have personal knowledge of the matters states herein and if called as a witness, I could competently testify thereto.

3. Attached hereto as **Exhibit A** is a true and correct copy of the July 2008 detailed billing report of fees and expenses incurred by DLA Piper US LLP on behalf of Klinge in pursuing and obtaining permanent injunctive relief and in preparing an application for fees and other expenses pursuant to the Equal Access to Justice Act. The detailed billing report outlines the time spent by and hourly rate of attorneys and other personnel contributing to the representation of Klinge

in the above-captioned matter, and the costs of providing ancillary services in connection with the representation. Detailed billing reports for August and September 2008 currently are unavailable. At the request of the Court, these documents can be provided when they are created.

4. Attached hereto as **Exhibit B** is a true and correct copy of the invoice from Heritage Reporting Corporation for transcript services procured on behalf of Klinge in pursuing and obtaining permanent injunctive relief.

I declare under penalty of perjury that the forgoing is true and correct and that this declaration was executed on September 2, 2008, at Washington, District of Columbia.

RICHARD P. RECTOR

# Exhibit A

DLA PIPER

DLA Piper US LLP
500 8th Street, NW
Washington, DC 20004
T 202-799-4000
F 202-799-5000
W www.dlapiper.com

PRIVILEGED AND CONFIDENTIAL

Klinge Corporation
Mr. Steve Hynoski, CFO
4075 East Market Street
York, PA 17402-0608

August 19, 2008

R. Rector
Matter # 024864-000004
Invoice # 2197940

*For Professional Services Through **July 31, 2008**:*

*Client:* ***Klinge Corporation***
*Matter:* ***USMC Protest***

Fees

Less 10% Discount [Redacted]

Current Fees

Current Disbursements

Total This Invoice

Please send remittance to: DLA Piper US LLP
P.O. Box 75190
Baltimore, MD 21275

Or wire remittance to: M&T Bank
25 South Charles Street, 18th Floor
Baltimore, MD 21201
Account Name:
DLA Piper US LLP Operating Account
Account #: 074-8148-5
ABA Transit #: 022000046
Swift Code: MANTUS33INT

*To ensure proper credit, please indicate the invoice number you are paying on the wire*

Law Firm Tax Identification Number: 52-0616490

DLA PIPER

Matter # 024864-000004
Invoice # 2197940

R. Rector
Page: 2
August 19, 2008

**Fees:**

| Date | Description | Timekeeper | Hours |
|---|---|---|---|
| 07/01/08 | Review e-mail correspondence from B. Jorgensen and S. Curley regarding EAJA application; office conference with S. Curley regarding potential motion for reconsideration amendment. | Rector, Richard Paul | 0.10 |
| 07/01/08 | Review application for attorneys' fees under EAJA; office conferences with B. Jorgensen regarding same; [Redacted] revise two drafts of application for attorneys' fees. | Curley, Seamus | 3.10 |
| 07/01/08 | Office conferences with S. Curley regarding the Motion for Award of Attorneys' Fees and Expenses Pursuant to the Equal Access to Justice Act; review billings statements to be attached to the motion; complete COFC EAJA Form 5 to be attached to the motion. | Jorgensen, Brad | 1.10 |
| 07/02/08 | Review e-mail correspondence from S. Hynoski and S. Curley regarding [Redacted], review Notice of Filing of Official Transcript for May 29th proceedings filed by Sea Box; exchange e-mail correspondence with S. Curley regarding same; review e-mail correspondence from S. Curley regarding for EAJA application. | Rector, Richard Paul | 0.30 |
| 07/02/08 | Review e-mail correspondence regarding hearing transcript; revise redacted attorneys' fees invoices; re-calculate fees; revise fee application; leave telephone message with J. Kehr regarding transcript; draft e-mail correspondence to R. Rector regarding [Redacted] | Curley, Seamus | 3.50 |
| 07/03/08 | Review e-mail correspondence from S. Curley regarding draft papers for EAJA motion; review same; telephone conferences with S. Curley regarding [Redacted], review e-mail correspondence from S. Curley attaching motion and attachments to C. Krafchek and R. Farber. | Rector, Richard Paul | 0.50 |
| 07/03/08 | Finalize and file attorneys' fees application under EAJA; follow-up e-mail correspondences to C. Krafchek and R. Farber; office conferences with B. Jorgensen regarding [Redacted]; telephone conferences with R. Rector regarding | Curley, Seamus | 3.60 |
| 07/03/08 | Finalize the Motion for Award of Attorneys Fees and Expenses Pursuant to the Equal Access to Justice Act; | Jorgensen, Brad | 1.70 |

DLA PIPER

Matter # 024864-000004
Invoice # 2197940

R. Rector
Page: 3
August 19, 2008

[Redacted]

DLA PIPER



[Redacted]

DLA PIPER



[Redacted]

DLA PIPER



[Redacted]

DLA PIPER



[Redacted]

**Timekeeper Summary**

| Timekeeper | Title | Hours | Rate | Amount |
| --- | --- | --- | --- | --- |

[Redacted]

DLA PIPER



[Redacted]

DLA PIPER

R. Rector

Matter # 024864-000004
Invoice # 2197940

August 19, 2008

# REMITTANCE ADVICE

[Redacted]

Please send remittance to: DLA Piper US LLP
P.O. Box 75190
Baltimore, MD 21275

Or wire remittance to: M&T Bank
25 South Charles Street, 18th Floor
Baltimore, MD 21201
Account Name:
DLA Piper US LLP Operating Account
Account #: 074-8148-5
ABA Transit #: 022000046
Swift Code: MANTUS33INT

*To ensure proper credit, please indicate the invoice number you are paying on the wire*

Law Firm Tax Identification Number: 52-0616490

# Exhibit B

**Heritage Reporting Corporation**

# Invoice

1220 L Street, NW Suite 600
Washington, DC 20005-4018
Federal ID: 52-1491518
(202) 628-4888

| DATE | INVOICE NO. |
|---|---|
| 4/25/2008 | 29115 |

PAID

| BILL TO |
|---|
| DLA Piper US LLP<br>Attn: Richard Rector<br>500 8th Street, NW<br>Washington, DC 20004 |

| Contract #/PO | | | | SET |
|---|---|---|---|---|
| | Claims Sale | | | |

| ITEM | TITLE/DOCKET/LOCATION | PAGES | RATE | AMOUNT |
|---|---|---|---|---|
| 080421011 | Bruggink/Klinge v. U.S.<br>08-134C/pages 1-12<br>Washington, D.C. | 12 | 5.50 | 66.00 |
| 080421012 | Bruggink/Klinge v. U.S.<br>08-134C/pages 1-24<br>Washington, D.C. | 24 | 5.50 | 132.00 |
| 1 | Courier Pickup and Delivery | 4 | 20.00 | 80.00 |

**Total** $278.00

**Heritage Reporting Corporation**

1220 L Street, NW Suite 600
Washington, DC 20005-4018
Federal ID: 52-1491518
(202) 628-4888

# Invoice

| DATE | INVOICE NO. |
|---|---|
| 4/25/2008 | 29110 |

PAID

| BILL TO |
|---|
| DLA Piper US LLP<br>Attn: Seamus Carley<br>500 8th Street, NW<br>Washington, DC 20004 |

| Contract #/PO | | | | SET |
|---|---|---|---|---|
| | Claims Sale | | | |

| ITEM | TITLE/DOCKET/LOCATION | PAGES | RATE | AMOUNT |
|---|---|---|---|---|
| 080422012 | Bruggink/Klinge Corporation v. U.S.<br>08-134C/pages 1-50<br>Washington, D.C. | 50 | 5.50 | 275.00 |
| 1 | Courier Pickup and Delivery | 2 | 20.00 | 40.00 |

**Total** $315.00

**Heritage Reporting Corporation**

# Invoice

1220 L Street, NW Suite 600
Washington, DC 20005-4018
Federal ID: 52-1491518
(202) 628-4888

| DATE | INVOICE NO. |
| --- | --- |
| 8/11/2008 | 29852 |

PAID

**BILL TO**

DLA Piper US LLP
Attn: Seamus Carley
500 8th Street, NW
Washington, DC 20004

| Contract #/PO | | | | SET |
| --- | --- | --- | --- | --- |
| Claims Sale | Amex | | Hand Del | 08/07/08 |

| ITEM | TITLE/DOCKET/LOCATION | PAGES | RATE | AMOUNT |
| --- | --- | --- | --- | --- |
| 080529006 | Bruggink/Klinge Corporation v. U.S.<br>08-134C/pages 1-89<br>Washington, D.C. | 89 | 5.50 | 489.50 |
| 1 | Courier Delivery | | 25.00 | 25.00 |

**Total** $514.50

TOTAL P.04